# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE  DIVISION

## CIVIL NO. 1:08CV199-02
## (1:06CR30-01)

| | | |
|---|---|---|
| **BILLY JOE SANDERS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM AND** |
| | ) | **O R D E R** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

     **THIS MATTER** is before the Court on Petitioner's motion to vacate,

set aside or correct sentence pursuant to 28 U.S.C. § 2255, filed May 1,

2008.  No response is necessary from the Government.


## I.  STANDARD OF REVIEW

     A prisoner in federal custody may attack his conviction and sentence

on the grounds that it is in violation of the Constitution or United States law,

was imposed without jurisdiction, exceeds the maximum penalty, or is

otherwise subject to collateral attack.  **28 U.S. C. §2255.**  However,

[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of the criminal proceedings, enters summary dismissal for the reasons stated herein.

## II. PROCEDURAL HISTORY

On April 4, 2006, Petitioner and his wife, Tammie Raines Sanders, were charged with conspiracy to manufacture and possess with intent to distribute various quantities of mixtures of methamphetamine, said conspiracy allegedly having involved the manufacture of methamphetamine and the creation of a substantial risk of harm to a minor, other human life and/or the environment, all in violation of 21 U.S.C. §§ 841(a)(1) and 846. **Bill of Indictment, filed April 4, 2006**.

On September 6, 2006, Petitioner entered into a written plea agreement with the Government wherein he agreed to plead guilty to the single charge set forth in the indictment. **Plea Agreement, filed**

**September 6, 2006**. With respect to the offense conduct, the parties stipulated that the amount of methamphetamine that was known to or reasonably foreseeable by Petitioner was "at least 350 grams but less than 500 grams." *Id*. **at 2**. Also, Petitioner stipulated that a six-level increase in his offense level was applicable pursuant to U.S.S.G. § 2D1.1(b)(6)(C) (2006) by virtue of having exposed his minor children to a substantial risk of harm by manufacturing methamphetamine in his home. Furthermore, the plea agreement contained provisions by which Petitioner expressly waived his right to contest his conviction and/or sentence on any grounds except ineffective assistance of counsel, prosecutorial misconduct, or on the ground that his sentence was inconsistent with the explicit stipulations set forth in the plea agreement. *Id*. **at 5**.

On September 15, 2006, Petitioner appeared with counsel before the Magistrate Judge to formally enter his plea. **Rule 11 Inquiry and Order of Acceptance of Plea, filed September 15, 2006**. At that hearing, the Magistrate Judge placed Petitioner under oath and engaged him in a lengthy colloquy to ensure that his guilty plea was voluntarily and knowingly tendered. *Id*. The Magistrate Judge specifically asked Petitioner if he had reviewed his indictment and understood the charge and its corresponding

penalties. *Id.* **at 3-4**. Under oath, Petitioner stated that he had reviewed the charge with counsel and understood it, its essential elements, and the maximum penalties he was facing. *Id*. Further, the Magistrate Judge asked Petitioner if he and counsel had discussed his right to appeal and if he understood that by signing the plea agreement and entering the guilty plea, he would be greatly limiting his rights to contest his conviction and sentence. *Id.* **at 7-8**. Again, under oath, Petitioner stated that he understood and accepted those limitations and agreed with the terms of his plea agreement.

In response to additional questioning by the Magistrate Judge, Petitioner stated, under oath, that he had been afforded ample time to discuss possible defenses with his attorney and had told counsel everything he wanted him to know about his case; that he understood if he received a sentence which was more severe than he expected or if the Court did not accept any sentencing recommendations, he still would be bound by his guilty plea; that his guilty plea was voluntarily made and was not the result of coercion, threats or promises other than those contained in his plea agreement; that he was, in fact, guilty of the subject charge; and that he was entirely satisfied with the services of his attorney. *Id.* **at 6-8**.

After hearing Petitioner's answers to each question, the Magistrate Judge found that his guilty plea was knowingly and voluntarily entered and made and that he understood the charges, penalties and consequences of his plea. *Id.* **at 9**. Accordingly, the Magistrate Judge accepted Petitioner's guilty plea. *Id*.

On May 2, 2007, Petitioner appeared before the undersigned for a factual basis and sentencing hearing, during which he stipulated that there was a factual basis to support his guilty plea. **Transcript of Sentencing Hearing, filed September 8, 2008, at 2**. In addition, Petitioner affirmed that counsel had reviewed his presentence report with him and that he understood its contents. *Id*. **at 3.**

Next, the Court sustained Petitioner's objection to a proposed two-level gun enhancement, thereby reducing his total offense level from 33 to 31. *Id.* **at 4-9***. After counsel for the parties addressed the Court, Petitioner told the Court that he was sorry for his behavior. *Id.* **at 13**. Thereafter, the Court sentenced Petitioner to 125 months imprisonment. **Judgment in a Criminal Case, filed May 11, 2007**. Petitioner did not file a notice of appeal.

On March 18, 2008, the Government filed a motion to reduce Petitioner's sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure in consideration of his substantial assistance. **Amended Rule 35 Motion, filed March 18, 2008**. The Court granted the motion and reduced Petitioner's sentence from a term of 125 months to a term of 80 months imprisonment. **Order, filed March 20, 2008**.

On May 1, 2008, Petitioner timely filed his § 2255 motion alleging that: (1) his attorney was ineffective for having failed to discuss the contents of the plea agreement with him and for advising him that he would receive a probationary sentence; (2) the enhancement for Petitioner's having posed a danger to his minor children should have been alleged in the bill of indictment and ruled upon by a jury; (3) the plea agreement attempts to hold Petitioner responsible for more drugs than contained in the presentence report; and (4) the testing of Petitioner's son for exposure to methamphetamine was improper and/or the test results were unreliable because the child had taken Pseudoephedrine.

# III. DISCUSSION

## A.  Petitioner's claims of ineffective assistance of counsel are baseless

Petitioner first alleges that he was subjected to ineffective assistance of counsel because counsel failed to review the contents of the plea agreement with him and advised him that he would receive a probationary sentence.  **Motion, at 14**.

When alleging a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby.  ***Strickland v. Washington*, 466 U.S. 668, 687-91 (1984)**.  In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance.  ***Id*. at 689**; ***see also Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297-99 (4th Cir. 1985)**; ***Hutchins v. Garrison*, 724 F.2d 1425, 1430-31 (4th Cir. 1983)**; ***Marzullo v. Maryland*, 561 F.2d 540 (4th Cir. 1977)**.

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "'*actual* and substantial disadvantage, infecting his trial with error of constitutional dimensions.'"  ***Murray v.***

***Carrier*, 477 U.S. 478, 494 (1986) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).** Under these circumstances, Petitioner "bears the burden of proving *Strickland* prejudice." ***Fields*, *supra*, at 1297 (citing *Hutchins*, *supra*).** Therefore, if Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." ***Id*. at 1290 (citing *Strickland*, 466 U.S. at 697)**.

A petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea must meet an even higher burden. ***See, Hill v. Lockhart*, 474 U.S. 52, 53-59 (1985); *Fields, supra*, at 1294-99; *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988)**. The Fourth Circuit described a petitioner's additional burden in a post-guilty plea claim of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the [*Strickland*] test is slightly modified. [The petitioner] "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

***Id. (quoting *Hill, supra,* at 59); *accord Fields, supra,* at 1297**.

In evaluating a post-guilty plea claim of ineffective assistance of counsel, statements previously made under oath affirming satisfaction with counsel, such as those made by Petitioner here at the Rule 11 hearing, are

binding absent "clear and convincing evidence to the contrary." **Fields, at 1299 (citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977)); accord United States v. Lemaster, 403 F.3d 216, 220-23 (4th Cir. 2005) (affirming summary dismissal of § 2255 motion, including ineffective assistance claim, noting inconsistent statements made during Rule 11 hearing).**

Applying the foregoing principles to Petitioner's allegations, it is apparent that he cannot prevail in this matter. Indeed, it has not escaped the Court's attention that Petitioner does not assert that but for counsel's alleged ineffectiveness, he would have pled not guilty and insisted upon going to trial. Thus, notwithstanding any other matters, Petitioner's claim against counsel is doomed by that failure.

Petitioner argues that counsel was ineffective for having failed to review the plea agreement with him and for having advised him that he would receive a probationary sentence. However, a review of the Rule 11 proceeding establishes that the Petitioner's sworn statements to the Magistrate Judge stand in stark conflict with his belated, self-serving allegations.

Indeed, Petitioner's sworn answers to the Magistrate Judge's questions tend to establish that he and counsel reviewed the plea agreement, the charge to which Petitioner was pleading guilty, and the elements which were necessary to prove the offense. **Rule 11 Inquiry and Order of Acceptance of Plea,** *supra***, at 3**. In addition, the record contains Petitioner's representations that he understood the Court's admonition that he was facing an active term of imprisonment; and that even if he received a sentence which was more severe than he was expecting, he still would be bound by his guilty plea. *Id***. at 4-6**. Furthermore, Petitioner's answers tend to establish that no one had made him any promises other than those set out in his written plea agreement and that he was satisfied with counsel's services. *Id***. at 7-8**.

As for the plea agreement itself, that document reflects Petitioner's understanding that his guilty plea would expose him to an active term of imprisonment, not a probationary sentence. **Plea Agreement,** *supra***, at 1.** It also sets forth Petitioner's understanding that his sentence had not yet been determined and that "any estimate from any source, including defense counsel, of the likely sentence [wa]s a prediction rather than a promise[.]" *Id***. at 2**. Equally critical, Petitioner's plea agreement reflects his

understanding that his term of imprisonment could only be reduced if he provided what the Government, in its sole discretion, deemed to be substantial assistance. In fact, the Government kept its end of the bargain and made a successful motion to the Court pursuant to Rule 35 motion which reduced Petitioner's term of imprisonment by approximately one-third. *Id*. **at 7-8;** *see also*, **Amended Rule 35 Motion,** *supra*.

In addition, the transcript of Petitioner's sentencing hearing shows that he spoke in his own behalf, but made no mention of any alleged misrepresentations or misstatements by counsel. **Sentencing Transcript,** *supra.* Thus, Petitioner's sworn statements simply do not support his claim that his plea agreement was induced by a promise of lenience. Moreover, Petitioner is bound by the statements he made at his plea and Rule 11 hearing and those statements cannot be set aside merely on the basis of his post-judgment assertions to the contrary. Rather, Petitioner's statements "constitute a formidable barrier" to this post-judgment attack. ***Blackledge,*** **431 U.S. at 73-74**. In sum, the Court finds that Petitioner has failed to satisfy either prong of the *Strickland* test and, therefore, his claim of ineffective assistance of counsel must fail.

**B.    Petitioner's remaining claims are barred by the terms of his Plea Agreement and/or procedurally defaulted**

Petitioner's motion also seeks to challenge his six-level offense enhancement, the quantity of drugs to which he stipulated in his plea agreement, and the circumstances of his minor son having been tested for methamphetamine exposure.  However, by the terms of his plea agreement, Petitioner waived his right to raise these proposed claims. Moreover, as was previously noted, during his Rule 11 hearing, Petitioner swore under oath that he understood that he was limiting his right to raise this type of  post-conviction challenges to his conviction and/ or sentence. Accordingly, it is clear that Petitioner's remaining claims do not fit within the exceptions to the waiver set forth in his plea agreement.

The Fourth Circuit repeatedly has approved the knowing and voluntarily waiver of a defendant's appellate rights.  ***See United States v. Cohen,*** **459 F.3d 490, 493-95 (4th Cir. 2006),** ***cert. denied***, **127 S. Ct. 1169 (2007);** ***United States v. Johnson***, **410 F.3d 137, 151-53 (4th Cir. 2005);** ***United States v. Blick***, **408 F.3d 162, 172 (4th Cir. 2005)**. Furthermore, the Fourth Circuit recently has expanded the general rule concerning appeal waivers to hold that a defendant may waive in a plea agreement his rights under § 2255 to attack his conviction and sentence

collaterally. **Lemaster, supra.** Because Petitioner has not alleged that his plea agreement is invalid, the Court finds that the agreement's waiver provision is valid and fully enforceable, and that it stands as an absolute bar to his current attempt to challenge his conviction and sentence on the grounds raised in his motion to vacate.

Moreover, even if Petitioner had not validly waived his right to raise his remaining claims in this § 2255 proceeding, he still is not entitled to any review because he has procedurally defaulted his claims. "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains[,] or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." **United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing Frady, 456 U.S. at 167-68); see also Bousley v. United States, 523 U.S. 614, 621 (1998) (habeas review is an extraordinary remedy and will not be allowed to do service for an appeal; and failure to challenge a matter on direct appeal, absent certain compelling**

**circumstances, bars collateral review of same);** *Stone v. Powell*, **428 U.S. 465, 477 n.10 (1976).**

Petitioner did not file a direct appeal in the underlying criminal case and the instant motion to vacate fails to allege that cause and prejudice exist to excuse his procedural default.  Further, Petitioner does not allege that he actually is innocent.  Accordingly, Petitioner's failure to raise these claims on direct review resulted in his procedural default of them and such failure precludes this Court from now considering the claims.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is hereby **DENIED** and the action is dismissed by way of Judgment filed herewith.

Signed: September 12, 2008

Lacy H. Thornburg
United States District Judge